UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JUAN CARLOS PEREZ GUERRERO,

Petitioner,

v.

JASON KNIGHT, Field Office Director Of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement, MARK REES, Deportation Officer, Twin Falls Sub-Office, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, U.S. Attorney General; JARROD THOMPSON, Sheriff of Cassia County,

Respondents.

Case No. 1:26-cv-00616-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Petitioner Guerrero's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order ("TRO") (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 6. The Government opposes Guerrero's Petition. Dkt. 7. Upon review, and for the reasons set forth below, the Court DENIES Guerrero's Petition and denies the TRO as MOOT.

## II. BACKGROUND

Guerrero is a native and citizen of Mexico who was lawfully admitted to the United Sates as an H-2A temporary agricultural worker at or near Lardeo, Texas, on or about May 21, 2022, with authorization to remain until August 10, 2022. Guerrero overstayed his visa. Guerrero is married to a United States citizen.

On May 6, 2026, Guerrero was arrested in Minidoka County, Idaho, and charged with felony domestic battery. On September 16, 2026, the court dismissed the charge and exonerated the bond. Thereafter, ICE lodged an immigration detainer, assumed custody, and has detained Guerrero without bond ever since.

On September 18, 2026, Guerrero was served with a Form I-286 Notice of Custody Determination.[1] Dkt. 7-2, at 2. On September 30, 2026, Guerrero was served with a Notice to Appear ("NTA") indicating a hearing before an immigration judge would be held.

The record is not entirely clear on what happened next. The Government contends certain hearings occurred. Guerrero does not dispute hearings occurred, but he postures it was unclear the purpose of each hearing, that he was taken to some hearings for which he had not received prior notice, and that some hearings were rescheduled—including one at his request. At this stage, the Court does not know the status of Guerrero's immigration proceedings, which hearings have occurred, and which are outstanding.

Nevertheless, Guerrero seeks immediate release.

[1] Guerrero refused to sign the I-286 form. Dkt. 7-2, at 2.

## III. DISCUSSION

### A. Habeas Petition and TRO

The Court has addressed countless immigration-habeas petitions over the last year, all relating to the detention provisions at §§ 1226(a) and 1225(b)(2). Until recently, ICE treated every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they had lived in the United States. The Ninth Circuit has now definitively ruled that § 1226 applies to unadmitted aliens present in the interior of the country, while § 1225 applies to unadmitted aliens entering the United States at the border. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026).

To determine whether a due process violation occurred, the Court begins with the regulatory framework governing an alien's initial detention and custody determination under § 1226(a). The Immigration and Nationality Act authorizes the Government to arrest and detain an alien who is subject to removal from the United States. §§ 1226(a), 1357(a)(2). The regulations governing an alien's detention following arrest provide different procedures depending on whether the arrest was made pursuant to a warrant. A noncitizen detained without a warrant must receive an initial custody determination within 48 hours of arrest, absent an emergency or extraordinary circumstance. 8 C.F.R. § 287.3(d). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(d). If the alien is denied bond, or was arrested

pursuant to a warrant, he can seek an individualized bond hearing before an immigration judge at any time before a final order of removal. *Id.*

Guerrero is entitled to the process due under the statute. As a noncitizen detained under § 1226(a), this includes the statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Here, however, there has not been an opportunity for the application of agency expertise in reviewing ICE's custody determination. The record in this case establishes ICE made an initial custody determination and served Guerrero with Form I-286 and a NTA. And while some hearings apparently already occurred, others were rescheduled—at Guerrero's request so he could coordinate with counsel—and the Court does not know the outcome of those proceedings. Thus, the process is still ongoing.

While exhaustion is not always a condition precedent to filing a habeas petition, were the Court to intervene now, doing so might encourage detained noncitizens to deliberately bypass the established administrative scheme, which contemplates discretionary bond determinations by immigration judges, not federal district courts. What's more, a bond hearing before an immigration judge may provide Guerrero with the same relief he seeks here and eliminate the need for habeas review.

If, after the administrative process concludes—including all appeals—Guerrero is still unsatisfied, he retains the ability to file suit and seek review. But this case, based on these facts, has concluded.

## IV. ORDER

1. Guerrero's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.

2. This case is remanded to ICE for further proceedings.

3. Guerrero's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

4. This case is CLOSED.

DATED: November 12, 2026

David C. Nye
U.S. District Court Judge